UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:11-CR-140-JVB-PRC |
| | ) | 2:15-CV-434-JVB |
| GARRETT DAVARRASS SMITH, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion to Reconsider Denial of Claims Filed Under 28 U.S.C. § 2255 [DE 96], filed by Defendant Garrett Davarrass Smith, *pro se*.

## BACKGROUND

On April 6, 2012, Smith pled guilty to a charge of possession of cocaine with attempt to distribute. The presentence report classified Smith as a career offender under the residual clause of the sentencing guidelines, because he had at least two prior felony convictions of either a crime of violence or a controlled substance offense. *See* U.S.S.G. § 4B1.1(a). The Court adopted the classification in the report and sentenced Smith as a career offender.

On November 30, 2015, Smith filed a petition under § 2255 based on the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), which ruled that increasing a sentence under the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), violates the Due Process Clause. Smith argued that because the residual clause of U.S.S.G § 4B1.1(a)(2) uses the same language as the stricken residual clause in ACCA, he no longer qualifies as a career offender, so his sentence violates his due process rights. Smith then filed an "amendment" to his petition, arguing ineffective assistance of counsel because his attorney failed to object to the career offender designation at the sentencing hearing.

The Court denied Smith's motion and declined to certify any issue for appeal. Rejecting Smith's due process argument, the Court cited *Beckles v. United States*, 137 S. Ct. 886 (2017), which held that the Sentencing Guidelines are not subject to a vagueness challenge, and therefore *Johnson*'s holding did not affect the identically worded clause in the Sentencing Guidelines. The Court also noted that, because Smith's sentence did not exceed the statutory maximum, Smith could not challenge a guidelines calculation in a section 2255 petition. Finally, the Court found that because Smith's claims did not arise under *Johnson*, the claims were untimely because they were not raised within the one-year limitation period. Although Smith signed a plea agreement waiving his right to a collateral attack on his sentence, the Court made no finding as to that waiver, because the motion was denied on other grounds.

Johnson now files a "motion for reconsideration," arguing that his claims were not time-barred and that he should not have been classified as a career offender.

## ANALYSIS

It is not apparent that Smith's motion is permissible, because it could be considered a second collateral attack, which he has not been permitted to file. *See* 28 U.S.C. § 2255(h); *Harris v. Cotton*, 296 F.3d 578, 579 (7th Cir. 2002) ("Prisoners are not allowed to avoid the restrictions that Congress has placed on collateral attacks on their convictions or other custody-creating or-enhancing punishments by styling their collateral attacks as motions for reconsideration."). Nonetheless, the Court addresses the arguments in the motion.

Smith argues for the first time that his original motion was timely because the Supreme Court denied his petition for *certiorari* on December 1, 2014, and the motion was filed on November 30, 2015. *See Smith v. United States*, 135 S.Ct. 732 (2014). Because the petition was

2

filed within one year of the denial of *certiorari*, the original motion was timely. *See* 28 U.S.C. § 2255(f)(1).

Nonetheless, Smith waived the right to appeal his sentence in his plea agreement. Specifically, he agreed:

> I expressly waive my right to appeal or to contest my conviction and my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

Plea Agreement [DE 15] at 5 (Paragraph 7(i)). In denying Smith's direct appeal of his sentence, the Seventh Circuit Court of Appeals considered Smith's waiver at length. The Seventh Circuit held that the waiver was valid and foreclosed any right to appeal or contest the sentence, other than a claim of ineffectiveness of counsel relating to the waiver itself. *United States v. Smith*, 759 F.3d 702, 706-07 (7th Cir. 2014). Nothing in Smith's § 2255 motion or his motion for reconsideration supports any other conclusion. Accordingly, there is no basis to reconsider the Court's previous order.

For these reasons, the Court **DENIES** the Motion to Reconsider Denial of Claims Filed Under 28 U.S.C. § 2255 [DE 96].

SO ORDERED on January 8, 2021.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT

cc:     Garrett Davarrass Smith, *pro se*